Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 275 / 99 C 3168 | **DATE** | APRIL 30, 2001 |
| **CASE TITLE** | Judy McCarroll & Derrick Jarrett v. USA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Petitioner McCarroll's motion to amend [Doc. #11-1], motion for an evidentiary hearing [Doc. #9-1], motion for appointment of counsel [Doc. #10-1] are denied. Likewise, Jarrett's motion to amend [Doc. #6-1], motion for an evidentiary hearing [Doc. #8-1], motion for appointment of counsel [Doc. #7-1] are denied. Petitioner McCarroll and Jarrett's § 2255 petitions are also denied. Any and all pending motions are moot and terminated.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 0 2 2001 | |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | | |
| X | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| dc(lc) | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUDY McCARROLL and DERRICK JARRETT, | ) ) ) ) | |
| Petitioners, | ) ) ) | Nos. 99 C 3168 99 C 275 |
| v. | ) ) ) | HONORABLE DAVID H. COAR |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

DOCKETED
MAY 0 2 2001

## MEMORANDUM OPINION AND ORDER

Judy McCarroll ("McCarroll") and Derrick Jarrett ("Jarrett") (collectively, "Petitioners") were found guilty of distributing narcotics and money-laundering. McCarroll and Jarrett are currently incarcerated under multiyear sentences. Petitioners now bring Motions to Vacate, Set Aside, or Correct Sentences Pursuant to 28 U.S.C. § 2255 ("§ 2255 petitions"). Petitioners also request appointment of counsel and seek an evidentiary hearing on their § 2255 motion. Because Petitioners' motions arise from the same criminal case and articulate similar claims, this court addresses them jointly. For the reasons discussed below, Petitioners' motions are denied.

### I. Background

After a month-long trial, a jury found McCarroll and Jarrett guilty of conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. § 846 and multiple counts of

possessing heroin with intent to distribute in violation of 21 U.S.C. § 841. McCarroll was also convicted of multiple counts of money laundering in violation of 18 U.S.C. § 1956. McCarroll received a 328 month sentence, and Jarrett received a 235 month sentence. On appeal, the Seventh Circuit affirmed petitioners' convictions and sentences. See United States v. Jarrett, 133 F.3d 519 (7th Cir. 1998). McCarroll was represented by Ellen Domph ("Domph") at trial and on appeal, and Jarrett was represented by Kent R. Carlson ("Carlson").

Petitioners filed their § 2255 petitions pro se. In her § 2255 petition, McCarroll asserts (1) that she was denied effective assistance of counsel at trial; (2) that she was denied effective assistance of counsel on appeal; (3) that "lead counsel" had an actual conflict of interest which prejudiced her defense at trial, at sentencing, and on direct appeal; (4) that the trial court made a miscalculation in the drug amount attributable to her for purposes of determining the applicable sentencing guideline range; (5) that there was insufficient evidence to establish that she was involved in keeping the drug ledger; (6) that the government committed fraud upon the court; and (7) that the trial court failed to first determine the scope of the criminal activity that she agreed to undertake as required by U.S.S.G. § 1B1.3.

Jarrett's § 2255 petition sets forth the following grounds for relief: (1) that he was denied effective assistance of trial counsel; (2) that he was denied effective assistance of appellate counsel; (3) that the trial court's calculation of the amount of drugs for purpose of determining the applicable sentencing guideline range was clearly erroneous; (4) that the trial court erred in finding that Jarrett was a member of the conspiracy from the beginning.

## II. Discussion

Under 28 U.S.C. § 2255, federal prisoners can challenge the imposition or length of their detention if their conviction or sentence has been founded on an error that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." Oliver v. United States, 961 F.2d 1339, 1341 (7th Cir. 1995); 28 U.S.C. § 2255. If the court determines that any of these errors infected the judgment or sentence, the petitioner's conviction will be vacated or set aside, and the petitioner will be discharged, resentenced, or granted a new trial. See id.

The court shall determine whether an evidentiary hearing is necessary upon reviewing the petitioner's motion, the government's answer, and any transcripts and records of prior court proceedings. See Rule 8(a) of the Rules Governing Section 2255 Proceedings. Similarly, summary dismissal of a § 2255 petition is appropriate when the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief. Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir. 1989) (citing 28 U.S.C. § 2255)). If it plainly appears from the facts of the motion, attached exhibits, and prior proceedings that the movant is not entitled to relief, then the judge should dismiss the § 2255 petition without a hearing. Liss v. United States, 915 F.2d 287, 290 (7th Cir. 1990).

Pro se litigants are not bound by the stringent standards imposed on trained attorneys. Thus, McCarroll and Jarrett's petitions will be liberally construed. United States v. Joiner, 847 F. Supp. 604, 606-07 (N.D. Ill. 1994) (citing Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L.Ed.2d 652 (1972)).

A. Evidentiary Hearing

This court may dismiss a § 2255 petition without holding an evidentiary hearing when the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Olmstead v. United States, 55 F.3d 316, 318 (7th Cir. 1995) (citing 28 U.S.C. § 2255). A § 2255 motion is "neither a recapitulation nor a substitute for a direct appeal." Olmstead, 55 F.3d at 319 (quoting Daniels v. United States, 26 F.3d 706, 711 (7th Cir. 1994)). Accordingly, § 2255 petitions cannot raise: (1) issues that were raised on direct appeal absent a showing of changed circumstances, (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal unless the petitioner demonstrates cause for the procedural default and actual prejudice from the failure to appeal. Joiner, 847 F. Supp. at 607 (citing Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992)).

In addition to her ineffective assistance claims, which are discussed separately below, McCarroll urges the court to grant her § 2255 relief based on the following alleged errors: (1) miscalculation of the drug amount attributable to her for purpose of sentencing; (2) insufficiency of evidence establishing that she was involved in keeping the drug ledger; and (3) failure to determine the proper scope of the criminal activity she agreed to undertake under the sentencing guidelines. Jarrett argues (1) that this court miscalculated the amount of drugs attributable to him for purposes of determining the applicable sentencing guideline range; and (2) that this court erroneously found that he was a member of the conspiracy from its inception.

These claims must be denied because they were previously raised on Petitioners' direct appeal. While res judicata does not apply to § 2255 proceedings, the court "may still exercise its

discretion not to reconsider issues already decided at trial, on direct appeal, or in prior § 2255 proceedings." Olmstead, 55 F.3d at 319 (quoting Taylor v. United States, 798 F.2d 271, 273 (7th Cir. 1986)). Contentions that were raised on a prior appeal, even if they are reformulated under different labels or on expanded allegations, cannot be relitigated under § 2255. DeMaro v. Willingham, 401 F.2d 105, 106 (7th Cir. 1968). Absent a showing of changed circumstances of fact or law, the court will not reconsider an issue that was already decided on direct appeal. Olmstead, 55 F.3d at 319.

In their direct appeals, Petitioners presented to the Seventh Circuit the same issues they present now in their § 2255 petition. The appellate court considered the arguments brought by Petitioners and rejected them. See Jarrett, 133 F.3d at 531 (reviewing and affirming trial court's determination of amount of heroin attributable to McCarroll and Jarrett); 133 F.3d at 531-32 (noting McCarroll's "integral" involvement in drug conspiracy and concluding that it was "not clearly erroneous to find that she knew the full scope of the conspiracy's distribution and should therefore be held responsible for that full amount"); 133 F.3d at 532 (outlining evidence establishing Jarrett's involvement in conspiracy from November 1994). Petitioners have not asserted that a factual or legal change in circumstances compels another look at the issues previously adjudicated by the appellate court. This court declines to revisit these issues. See, e.g., Joiner, 847 F.Supp. at 608 (denying petition without hearing where issues raised on appeal).

B. Ineffective Assistance of Counsel

Petitioners claim that they received ineffective assistance of counsel at trial and on appeal. With respect to their complaint concerning their trial counsel, Petitioners failed to raise

their ineffective assistance claim on direct appeal, but that is understandable, given that their trial counsel also served as their appeals counsel. See United States v. Taglia, 922 F.2d 413, 418 (7th Cir. 1991) (observing that counsel "can hardly be expected to challenge on appeal his own effectiveness at trial").

To establish that counsel provided ineffective assistance, the petitioners must demonstrate: (1) that their attorney's performance was deficient; and (2) that such representation prejudiced his or her case. Precin v. United States, 23 F.3d 1215, 1218 (7th Cir. 1994). The first prong is satisfied by a showing that counsel's performance fell below the "objective standard of reasonableness" guaranteed under the Sixth Amendment. Barker v. United States, 7 F.3d 629, 633 (7th Cir. 1993) (quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed.2d 674 (1984)). To satisfy the second prong, the petitioners must show that because of counsel's errors, the outcome of their trial or sentencing was fundamentally unreliable or unfair. Id. Because counsel is presumed to have been effective, the petitioners bears a heavy burden in proving that counsel was ineffective and that their defense was prejudiced. Id.

At trial, Lawrence McCarroll, Petitioner Judy McCarroll's son and a co-defendant, was represented by Chester Slaughter. In her habeas petition, Judy McCarroll's sets forth as grounds for relief that "lead counsel" had a conflict of interest which prejudiced her defense at trial. Although it is unclear from the face of the petition the person to whom she is referring, McCarroll explains in her Motion for Stay or Abeyance of Further Proceedings and Leave to Conduct Discovery Pursuant to Rule 6 of the Rules Governing § 2255 Proceedings[1] that

---

[1] This motion for stay, brought by Lawrence McCarroll, Judy McCarroll and Jarrett, was denied by this court as to Judy McCarroll and Jarrett. See Minute Order of 9/1/00 (J. McCarroll),

Slaughter was hired to act as "lead and controlling counsel" for her, her son, and Jarrett. Each defendant, however, had separate representation. Thus, whatever conflicts Slaughter may have had, no prejudice inured to McCarroll on account of Slaughter's alleged misconduct. Therefore, McCarroll's ineffective assistance claim is dismissed insofar as it concerns the wrongdoing of "lead counsel" Slaughter.

McCarroll also maintains that the government committed fraud upon the court. It appears that this claim, too, is grounded on Slaughter's alleged conflict of interest. According to McCarroll, Slaughter was subject to a grand jury investigation for drug trafficking. In her motion for stay, McCarroll explains that the government previously removed Slaughter from a drug case and should have been aware of his conflict of interest in the instant case. Again, it is important to note that McCarroll was represented by her own attorney. McCarroll offers no explanation as to how Slaughter's alleged conflict of interest affected her defense. Thus, McCarroll's allegations of conflict of interest and government fraud surrounding Slaughter do not establish grounds for § 2255 relief.

With respect to McCarroll's claims of ineffective assistance at trial and on appeal, they too present inadequate grounds for habeas relief. McCarroll merely states in her petition that she was denied ineffective assistance of counsel at trial and on appeal. McCarroll adds that a statement of facts and affidavit are forthcoming. Yet over two years later, no such statement has been filed. There is no explanation of what kind of error her attorney Domph made or what prejudice she suffered therefrom. McCarroll's allegations of ineffective assistance are too vague

---

Minute Order of 3/23/00 (Jarrett).

a ground upon which to grant relief. As such, her claims are denied. See Davis v. United States, 311 F.3d 495, 496 (7th Cir. 1963) ("Vague conclusional charges . . . in 2255 petitions are insufficient to raises issues that demand inquiry"); Joiner, 847 F. Supp. at 610 (denying § 2255 relief where Petitioner failed to allege facts supporting claim of ineffective assistance).

Likewise, Jarrett's claims of ineffective assistance are also denied. Jarrett argues that his attorney Carlson failed to convince the trial and appellate court that the drug amounts attributed to him were inaccurate. As explained in the Seventh Circuit opinion, however, this court's calculations were reasonably derived from the evidence presented at trial. See Jarrett, at 133 F.3d at 529-32 (affirming trial court's calculation of conspiracy's total heroin distribution for purposes of sentencing and forfeiture amount and attribution claims). Jarrett's bald assertion that the court's calculation was erroneous is too vague and unsubstantiated to undermine the court's determination. See Oliver, 961 F.2d at 1342 (finding that Petitioner did not show cause for procedural default where he "does nothing more than state conclusory allegations of attorney error"); Aleman, 878 F.2d at 1014 (affirming dismissal of § 2255 petition where Petitioner only offered "conclusory, speculative, and palpably incredible" allegations); Johnson v. United States, 878 F. Supp. 1135, 1137 (N.D. Ill. 1995).

Therefore, Petitioners' claims are too conclusory and unsubstantiated to warrant relief or to justify a hearing on the issues. See Davis, 311 F.3d at 496 (affirming trial court's summary disposition of § 2255 petition without evidentiary hearing where Petitioner presented vague claims). Having found no basis for reviewing the claims set forth in McCarroll and Jarrett's petitions, this court denies the Petitioners' motions for an evidentiary hearing. See Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996) ("[F]or a hearing to be granted, the petition must

be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions.") McCarroll and Jarrett's petitions are hereby dismissed.

### C. Motions to Amend

McCarroll and Jarrett also filed motions to amend their § 2255 petitions, in which they add a claim founded on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000). Petitioners argue that, pursuant to Apprendi, the finder of fact, not this court, should have determined the amount of narcotics involved in the conspiracy.

Petitioners' claims, however, are unavailing. McCarroll and Jarrett failed to argue at trial or on direct appeal that the question of the quantity of drugs attributable to the conspiracy should have been submitted to the jury rather than to the court. To obtain collateral relief, then, Petitioners must demonstrate cause for failing to make this argument in a timely manner and prejudice resulting therefrom. Although Apprendi was not decided until last year, Petitioners nevertheless should have preserved the issue. "[T]he lack of precedent for a position differs from 'cause' for failing to make a legal argument. Indeed, even when the law is against a contention, a litigant must make the argument to preserve it for later consideration." United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001) (observing that Apprendi-type arguments have been made since the creation of the Sentencing Guidelines). Petitioners have not established cause. Accordingly, their motions to amend are denied.

### D. Appointment of Counsel

The court's disposition of this case renders moot McCarroll's and Jarrett's requests for appointment of counsel.

### III. Conclusion

For the foregoing reasons, Petitioners McCarroll's and Jarrett's motions to amend, motions for an evidentiary hearing, motions for appointment of counsel, and § 2255 petitions are denied.

Enter:

_____
David H. Coar
United States District Judge

Dated: APRIL 30, 2001